IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHRYN ZAENGLE                          :               CIVIL ACTION

            v.                           :

ROSEMOUNT, INC. t/a EMERSON              :
PROCESS MANAGEMENT
ROSEMOUNT MEASUREMENT                    :
DIVISION                                              NO.  08-2010

**MEMORANDUM OF DECISION**

THOMAS J. RUETER                                      January 28, 2014
United States Magistrate Judge

        Presently before the court are eights motions in limine filed by defendant in the

above captioned litigation.  Upon consideration of these motions, plaintiff's oppositions thereto,

and after oral argument in January 14, 2014, the court enters this Memorandum of Decision and

an accompanying order.

## I.      FACTUAL BACKGROUND

        Trial in this matter is scheduled to commence on January 31, 2014.  Plaintiff

asserts gender based employment discrimination and retaliation claims under the Pennsylvania

Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 955, et seq. and Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e.  Plaintiff's Amended Complaint filed on May 12, 2008

(Doc. No. 5), contained eight Counts.  The Honorable Edmund V. Ludwig granted in part

defendant's motion for summary judgment (Doc. No. 15), and Counts I through IV remain in this

case to be tried.  (Doc. Nos. 29 and 52.)[1]  Discovery in this matter closed five years ago.  In July,

---

[1]      Count I - gender discrimination under Title VII; Count II - retaliation under Title
VII; Count III - gender discrimination under PHRA; and (4) Count IV - retaliation under PHRA.
See Am. Compl. (Doc. No. 5).

2013, the parties consented to proceeding before a Magistrate Judge for trial (Doc. Nos. 56 and 58) and, on July 30, 2013, Judge Ludwig referred this case to the undersigned for trial (Doc. No. 59).

A brief summary of the undisputed facts are as follows:  Plaintiff is the mother of two children.  Plaintiff has been employed as a technical salesperson by defendant since 1995. Plaintiff remains employed by defendant.  Plaintiff was supervised by Mr. Tom Thomas from 1996 through 1997, and then again from 2002 through 2010.  Plaintiff alleges that Mr. Thomas discriminated against her on the basis of her gender when he resolved two split commission disputes against her and in favor of white males in 2005.  (Am. Compl. ¶¶ 13-15.)  Plaintiff also alleges that Mr. Thomas retaliated against her in February 2006 by placing her on a performance improvement plan ("PIP"), which resulted in a six month delay in a scheduled increase in her base pay.  (Am. Compl. ¶¶ 16-17.)  See also Memorandum Opinion Granting in Part Motion for Summ. J. at 7 (E.D. Pa. May 17, 2013) (Doc. No. 51) (The court recognized that the "amended complaint alleges that Rosemount discriminated against Plaintiff on the basis of gender when Thomas decided the credit disputes and gave her a written warning.").

In anticipation of the jury trial scheduled to commence on January 31, 2014, defendant filed eight motions in limine – Doc. Nos. 66, 67, 68, 69, 72, 78, 80 and 81.  Oral argument was heard on January 14, 2014.  Plaintiff filed responses in opposition to the motions, see Doc. Nos. 82-87, and was granted an extension of time until January 21, 2014, to file responses to Doc. Nos. 80 and 81, see Doc. No. 88 and Letter dated January 20, 2014.

## II.     RELEVANCE STANDARD

Generally, evidence is "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence" and  if "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.  The court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

## III.    DEFENDANT'S MOTIONS IN LIMINE

### 1.    Defendant's Motion in Limine to Preclude Plaintiff from Presenting Testimony, Evidence, Argument or Comment Concerning Any Allegedly Discriminatory Conduct Not Previously Identified by Plaintiff (Doc. No. 66)

In this motion in limine, defendant argues that the alleged discriminatory events at issue occurred in 2005 and 2006, when Mr. Thomas resolved two commission/credit split disputes against plaintiff and in favor of two white males, and when, after she voiced a claim of discrimination to Mr. Thomas, he placed plaintiff on a PIP.  Defendant contends that nothing that occurred since that time is relevant to this case and should be excluded.  Defendant expressed concern at oral argument that plaintiff would raise at trial instances of alleged discrimination and retaliation by Mr. Thomas, not previously identified by plaintiff, which occurred after 2006, including but not limited to a territory reassignment that occurred in 2007 and 2008.[2]  Defendant

---

[2]     At oral argument, defendant also identified, by way of example, an exhibit listed in plaintiff's Pretrial Memorandum, Ex. P-27, which is dated March 6, 2012.  While defendant has not seen Ex. P-27 and, therefore, does not know what Ex. P-27 is, defendant is concerned that this exhibit may contain allegations of discriminatory conduct by Mr. Thomas which occurred years after the 2005 and 2006 time period at issue in this litigation.

asserts that admission of such evidence would be unfairly prejudicial.  Defendant also argues that this evidence should be excluded because plaintiff failed to exhaust her administrative remedies with respect to these and other specific acts of alleged discrimination not contained in the original PHRC and EEOC complaints.

In opposition to the motion, plaintiff asserts that she has been deposed twice by defendant and that the "outline of her testimony is well known."  (Doc. No. 85.)  Plaintiff further asserts that Mr. Thomas will be present at trial and "will be able to respond to any unexpected testimony that the Plaintiff might provide that has not already been a topic of questioning during her depositions."  Id.

Plaintiff's discrimination and retaliation claims against defendant in the Amended Complaint are based upon specific acts of alleged discrimination that occurred in 2005 – the resolution of the two commission split disputes, and an act of retaliation that occurred in February 2006, that is, the issuance of the PIP.  See also Pl.'s Pretrial Mem. at 2-4.  The parties do not dispute that plaintiff exhausted her administrative remedies with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") with respect to these two claims.  Plaintiff did not exhaust her administrative remedies with the PHRC or EEOC with respect to any specific acts of discrimination or retaliation that allegedly occurred after February 2006, as required by Title VII and the PHRA.

Both Title VII and the PHRA establish administrative remedies and procedures that claimants must exhaust prior to bringing a civil action in court.  See 42 U.S.C. § 2000e-5; 43 Pa. Cons. Stat. Ann. § 962(c).  See also Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 469 (3d Cir. 2001) (same); Wagner v. Crawford Cent. Sch. Dist., 2008 WL

4

901957, at *1 (W.D. Pa. Mar. 31, 2008) (same).[3]  A claimant may be excused from exhausting a claim when the incident (1) falls within the scope of a prior EEOC or PHRC complaint, or (2) falls within the scope of the EEOC or PHRC or the investigation which arose out of it.  Robinson v. Dalton, 107 F.3d 1018, 1025 (3d Cir. 1997).  See also Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984) (A claimant is not required to exhaust administrative remedies when the "acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom.") (quotation omitted); Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976) (same), cert. denied, 429 U.S. 1041 (1997).

　　　　　Here, to the extent plaintiff attempts to introduce additional instances of alleged discrimination or retaliation that postdate plaintiff's EEOC and PHRC complaints, she is precluded from presenting such claims because she has failed to exhaust her administrative remedies as to those allegations.  See Allen v. Nat'l R.R. Passenger Corp., 2005 WL 2179009, at *10 (E.D. Pa. Sept. 6, 2005) (considering a retaliation claim, the court stated that "claims involving instances of discrimination that arise after the completion of an EEOC investigation do not fall within the scope of the agency's investigation"), aff'd, 228 F.App'x 144 (3d Cir. 2007) (not precedential); Wagner, 2008 WL 901957, at *2 (plaintiff's retaliation claim outside the scope of her PHRC complaint where the alleged retaliatory conduct occurred after  PHRC completed the investigation); Moss v. Potter, 2007 WL 1521210, at *4 (W.D. Pa. May 24, 2007) (EEOC could not have investigated retaliation claim that occurred after the investigation); Crumpton v. Potter, 305 F.Supp.2d 465, 475-76 (E.D. Pa. 2004) (claim not within scope of

---

[3]　　　　The statutes have different requirements in terms of timing and scope of the administrative remedy.  See Burgh, 251 F.3d at 469-71 (discussion of differences between Title VII and PHRA exhaustion requirements).  These differences are not at issue herein.

agency investigation where act occurred after agency decision).  See also Martinez v. Potter, 347 F.3d 1208, 1210-11 (10th Cir. 2003) (plaintiff must file new EEOC complaint for discrete discriminatory act that occurs after date of EEOC charge); Major v. Plumbers Local Union No. 5, 370 F.Supp. 2d 118, 125-26 (D.D.C. 2005) (scope of EEOC charge and investigation not limitless, plaintiff must independently exhaust discrete claims of alleged discrimination occurring after EEOC investigation).

Plaintiff is precluded from presenting testimony, evidence, argument or comment concerning any discrete acts of alleged discriminatory conduct not raised in the EEOC or PHRC complaints filed in this matter.  The Motion is Limine will be granted.

**2.    Motion in Limine to Preclude Plaintiff from Presenting the Affidavits of David R. Dearden and Ron Brown (Doc. No. 67)**

Without detailed discussion, the court will deny this motion in limine as moot since Mr. Deaden represented to the court at the oral argument that he does not intend to submit his affidavit, or that of Ron Brown, at trial.  See also Pl.'s Resp. at 1 ("Plaintiff has not listed these affidavits as a trial exhibit and has no intention of providing affidavits in the place of testimony.") (Doc. No. 84).

**3.    Motion in Limine to Preclude Plaintiff from Presenting Testimony, Evidence, Argument or Comments Concerning Her 1997 Territory Change and FMLA Leave (Doc. No. 68)**

At her deposition, plaintiff testified that she believed that Mr. Thomas changed her territory in 1997 because she was on leave pursuant to the Family and Medical Leave Act ("FMLA").  (Motion in Limine (Doc. No. 68) at 2 (quoting Pl.'s Dep. at 85).)  This change in territory occurred in 1997, years before the 2005 and 2006 events at issue in this litigation.

Defendant urges that this information is irrelevant, unfairly prejudicial, confusing and misleading.  Id.

      Plaintiff urges that this testimony will support her claim that "Mr. Thomas has made persistent and regular efforts, both verbally and in writing, to discriminate against [her] for her attempt to work full time as a sales representative and also take care of a baby, and then a second child, especially when she was required by circumstances to take care of the children as a single parent."  (Pl.'s Resp. at 2-3 (Doc. No. 83).)  Plaintiff also contends that this "evidence offers a window to view the thinking of Mr. Thomas as well as his motivation."  Id. at 3.  To prevent prejudice, plaintiff suggests that the court instruct the jury that plaintiff is not asserting a claim for violation of the FMLA.  Id.

      This court agrees with defendant that "[a]ny testimony or evidence regarding [plaintiff's] FMLA leave and the alleged resulting territory change [in 1997] will not advance Plaintiff's efforts to prove her claims for gender discrimination."  (Motion in Limine (Doc. No. 68) at 3.)  Plaintiff has alleged no claim for a violation of the FMLA in her Amended Complaint. This information is irrelevant.  The jury will be confused to the prejudice of defendant if permitted to consider allegations that Mr. Thomas discriminated against plaintiff by changing her territory because she took FMLA leave, eight years prior to the discriminatory and retaliatory actions at issue in this litigation.  Fed. R. Evid. 403.  In her deposition, plaintiff admitted that she never raised the issue of her territory change and FMLA leave with Mr. Thomas or anyone else employed by defendant.  (Motion in Limine (Doc. No. 68) at 2.)  Moreover, as properly pointed out by defendant, the statute of limitations has long since expired on any FMLA claim plaintiff may believe she has.  See 29 U.S.C. § 2617(c).  If the jury were to believe plaintiff's territory was

reduced as a result of being on FMLA leave, it might find for plaintiff on a claim that plaintiff

has not asserted in the Amended Complaint.

For these reasons, defendant's Motion in Limine (Doc. No. 68) will be granted.

4.     **Motion in Limine to Exclude September 2006 "Year End Booking Reporting" Emails (KLZ162-3) (Doc. No. 69)**

Plaintiff alleges that Mr. Thomas acted in a discriminatory manner when he

resolved two commission split disputes against her and in favor of two white males.  In support

of this claim, plaintiff asserts that defendant "has an established policy for handling split

commission issues.  One of these rules requires that commission splits must be settled within two

weeks of the fiscal year end, which is September 30."  (Am. Compl. ¶ 13.)  Plaintiff contends

that the two emails, identified as KLZ162 and KLZ163, support plaintiff's theory that defendant

had such policies in place.  (Pl.'s Resp. at 1-2 (Doc. No. 82).)  Plaintiff urges that Mr. Thomas'

refusal to enforce the policy "was part of his discrimination against her because of her family

responsibilities"  Id. at 1.

Defendant asserts that these emails should be excluded because they postdate the

events at issue by nine to twelve months and, therefore, would confuse and mislead the jury.

(Motion in Limine (Doc. No. 69) at 2).  The emails, defendant maintains, contain no information

about what policy, if any, was in effect, at the time of the alleged discriminatory and retaliatory

events.  Id.

The court will deny this Motion in Limine (Doc. No. 69).  In light of plaintiff's

assertion that Mr. Thomas' actions regarding the commission splits were part of the

discrimination and retaliation at issue herein, these emails are relevant as they are corroborative

evidence supporting plaintiff's understanding of defendant's policy.  Mr. Thomas will appear and

testify at the trial.  He will be able to testify as to his understanding of the policy, if any,

regarding the issue of commission splits in effect at the times relevant hereto.  This Motion in

Limine (Doc. No. 69) is denied.

     **5.**     **Motion in Limine to Exclude Plaintiff's Performance Reviews Prior to 2002 (Doc. No. 72)**

     In this Motion in Limine, defendant seeks to exclude plaintiff's performance

reviews prior to 2002.  The performance review dated February 19, 1997 was prepared by Mr.

Thomas reviewing plaintiff's performance for the year 1996 (the "1996 Review").  The

performance reviews dated August 14, 1998, May 3, 1999, February 23, 2000, March 8, 2001,

and March 4, 2002 were prepared by a supervisor other than Mr. Thomas.  (Motion in Limine

(Doc. No. 72) at 1.)  Defendant asserts that the 1996 Review is remote in time, unfairly

prejudicial to defendant, and will confuse and mislead the jury.  Defendant contends that the

reviews prepared by a supervisor other than Mr. Thomas are irrelevant.  This motion will be

granted in part and denied in part for the following reasons.

     **a.**     **The 1996 Review**

     In the 1996 Review, Mr. Thomas stated in pertinent part as follows:

> Once again this year, Kate has performed admirably in her territory.  She has worked hard to keep the competition away, has closed a number of key orders for Rosemount, and has signed some major agreements with top customers to maintain her base business for the long run.  She has somehow been able to carefully balance her work and family life and has been successful in both endeavors.  I am concerned, however, as to how she will be able to continue to balance her personal life with a very demanding work load, with the addition of another family member soon.  If anyone can do this, it is Kate!  . . .  I look forward to continued success at Rosemount for Kate and to her making President's Club in the next couple of years.

(Motion in Limine (Doc. No. 72) at 3 (quoting 1996 Review).)

This remark is relevant to plaintiff's allegation that later, in 2006, Mr. Thomas discriminated against her because she is a woman.  The remark was made in writing by Mr. Thomas in the context of evaluating plaintiff's job performance.  It is probative of Mr. Thomas' intent or state of mind.  Furthermore, a reasonable juror could view the remark as discriminatory. See, e.g., Chadwick v. WellPoint, Inc., 561 F.3d 38, 44-45, 47 (1st Cir. 2009) (comment to employee that "you have the kids and a lot on your plate right now" supports an inference of gender discrimination because it suggests that as a woman she will neglect her job responsibilities in favor of her child care responsibilities); Tingley-Kelley v. Trs. of the Univ. of PA., 677 F. Supp.2d 764, 777-78 (E.D. Pa. 2010) (Comments such as "concerned about how she'll do in school esp. w/family, etc.," "it will be a tough row to hoe," and "a lot on her plate," support an inference of sex-based discrimination.").

It is true that the remark is remote in time to the 2006 decision.  However, there is "no bright line rule for determining when evidence is too remote to be relevant.  Any such determination must be based on the potential the evidence has for giving rise to reasonable inferences of fact which are 'of consequence to the determination of the action.'"  Ansell v. Green Acres Contracting Co., Inc., 347 F.3d 515, 525 (3d Cir. 2003) (quoting Fed. R. Evid. 401) (citations omitted).  A written remark made by Mr. Thomas in 1997 can serve as evidence of a discriminatory motive for an adverse employment decision made years later.  This is especially true because plaintiff argues that the same type of discriminatory remarks were repeated by Mr. Thomas in subsequent evaluations in the years 2002 through 2005, when he resumed his supervision of plaintiff.  See Pl.'s Resp. at 3.  Plaintiff alleges that this pattern of discriminatory remarks occurred right up to the adverse employment decision made by Mr. Thomas in 2006.

10

Thus, because the remark in the 1996 Review could be viewed as the beginning of a pattern of discriminatory remarks that continued through 2006, this evidence is not too remote in time for admissibility purposes.  See, e.g. Roebuck v. Drexel, 852 F.2d 717, 733 (3d Cir. 1988) (discriminatory remark by decision maker admissible even though it occurred five years before act of discrimination); Wilson v. Seven Seventeen HB Phila. Corp., 2003 WL 22709073, at *6 (E.D. Pa. Nov. 14, 2003) (six and one-half year gap alone not grounds to exclude prior discriminatory statement).  Finally, the court finds that the probativeness of the prior statement is not outweighed by other factors, such as unfair prejudice to defendant or potential confusion to the jury.  See Fed. R. Evid. 403.  For these reasons, this Motion in Limine will be denied with respect to the 1996 Review.

### b.      Other Performance Reviews

The performance reviews dated August 14, 1998 through March 4, 2002, are irrelevant to this litigation.  These reviews were prepared by Greg Romanchuk, plaintiff's supervisor from 1997 through 2002.  Plaintiff has not made any allegations against Mr. Romanchuk.  Mr. Romanchuk was not involved in the two commission split disputes or the issuance of the PIP.  Plaintiff has not identified Mr. Romanchuk as a potential witness.  See Pl.'s Pretrial Mem. at 8 (Doc. No. 73).  The Motion in Limine will be granted with respect to performance reviews prepared by Mr. Romanchuk.

### 6.      Motion in Limine Regarding the Admission of Plaintiff's Medical Records (Redacted) at Trial (Doc. No. 78)

This Motion in Limine (Doc. No. 78) will be granted in part and denied in part.  At oral argument, plaintiff's counsel stated that plaintiff reserves her right to pursue her claim for emotional distress.  The medical records of plaintiff's treating psychiatrist at issue in this Motion

11

in Limine are of the type generally relevant to a plaintiff's claim for emotional distress.  As the court advised counsel at the oral argument, should plaintiff pursue her claim for emotional distress, defendant may seek to use the medical records at trial and the court will rule on any objections at that time.  To the extent the Motion in Limine requests further relief, it is denied.

      **7.**    **Motion in Limine to Preclude Plaintiff from Presenting Testimony, Evidence, Argument or Comment Concerning Speculative Damages (Doc. No. 80)**

Defendant seeks to preclude plaintiff from presenting evidence concerning speculative damages.  Defendant contends that plaintiff's damages are speculative as to whether they arise from the alleged misconduct.  Plaintiff filed a response in opposition to the motion on January 21, 2014 (Doc. No. 88).  Generally, evidence of damages based upon speculation is precluded.  Aircraft Guar. Corp. v. Strato-Lift, Inc., 991 F.Supp. 735, 739-40 (E.D. Pa. 1998) (citing cases).  Damages are speculative if "the uncertainty surrounding them relates to whether they actually exist."  Ware v. Rodale Press, Inc., 322 F.3d 218, 226 (3d Cir. 2003).  "[D]amages cannot be awarded if it is uncertain whether the damages sought resulted from the unlawful act."  Hare v. Potter, 549 F.Supp. 2d 688, 695 (E.D. Pa. 2007) (Title VII case).  Also, damages must be calculated  to a degree of reasonable certainty – based on a "calculation that is not too speculative, vague or contingent upon some unknown factor."  Ware, 322 F.3d at 226.

By way of example, defendant asserts that plaintiff has presented no evidence that she suffered any damages as a result of her territory change, see Motion in Lim. at 3; that she would have received a bonus of a certain amount rather than that she hoped to receive a certain bonus, id.; or that defendant's actions caused her to lose certain accounts[4], id. at 4.

---

     [4]     In particular, defendant identifies the loss of an account (Rohm and Haas) where the business was sold, and the loss of other accounts where the customer decided to switch to a

At this stage of the litigation, the court does not know what evidence plaintiff intends to present in support of her claim for damages.  Hence, the court will defer ruling on this motion until trial.[5]  At trial, defendant may raise any objections to plaintiff's claim or evidence of damages and the court will address them at that time.  The Motion in Limine (Doc. No. 80) will be denied without prejudice to defendant raising objections at trial.

8.   **Motion in Limine to Preclude Plaintiff from Presenting Testimony, Evidence, Argument or Comment Concerning A New Claim for a Hostile Work Environment (Doc. No. 81)**

In plaintiff's proposed jury instructions filed with this court on December 31, 2013 (Doc. No. 75), plaintiff requested a jury instruction on a hostile work environment claim. This request prompted defendant to file this Motion in Limine (Doc. No. 81) seeking to preclude plaintiff from adding a hostile work environment claim to this litigation.  Defendant is correct that plaintiff has not plead a hostile work environment claim in this litigation.  In response to the motion, plaintiff submitted a letter to the court dated January 20, 2014, stating that she does not object to the court granting this motion, and further stating, in pertinent part, "I trust that this letter is sufficient to indicate that we do not intend to proceed with a hostile work environment claim during the trial in this matter."  This Motion in Limine (Doc. No. 81) will be granted as unopposed.

---

different representative from another company.  (Motion in Lim. at 4.)  In these situations, defendant contends, defendant cannot be held responsible for monetary losses plaintiff may have suffered from the loss of the accounts.  Id.

[5]     To the extent defendant argues that plaintiff's claim for back pay is speculative, this argument can be deferred until after the trial, since this is an equitable remedy reserved for the court, not the jury.  See Spencer v. Wal-Mart Stores, Inc., 469 F.3d 311, 315 (3d Cir. 2006).

An appropriate order follows.

BY THE COURT:


 /s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge